# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2511-17T4

A.DS-L.,

     Plaintiff-Respondent,

v.

C.M.,

     Defendant-Appellant.

_____

     Submitted January 14, 2019 – Decided  January 28, 2019

     Before Judges Fasciale and Rose.

     On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FV-16-0755-18.

     Bastarrika, Soto, Gonzalez, & Somohano, LLP, attorneys for appellant (Erin L. Thompson, on the brief).

     Kassem & Associates, PC, attorneys for respondent (Nabil N. Kassem and Dominque J. Carroll, on the brief).

PER CURIAM

Defendant appeals from a December 22, 2017 final restraining order (FRO) sought by plaintiff, his wife, under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Defendant argues that the judge's findings are unsupported by credible evidence, and that the judge placed too much weight on plaintiff's injuries as depicted in several photographs. We disagree and affirm.

In a domestic violence case, we accord substantial deference to a Family Part judge's findings, which "are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). We accord that deference especially when much of the evidence is testimonial and implicates credibility determinations. Id. at 412. We do not disturb the judge's factual findings and legal conclusions, unless we are "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).

When determining whether to grant an FRO pursuant to the PDVA, the judge must make two determinations. Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). Under the first Silver prong, "the judge must determine

whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125.

In her complaint, plaintiff alleged that defendant committed the predicate acts of assault, harassment, terroristic threats, criminal restraint, criminal mischief, and "other crime" involving serious bodily injury. At the FRO hearing, plaintiff testified that defendant woke her up, demanded jewelry, pulled her by the hair, and elbowed, kicked, and choked her. She produced numerous photographs depicting her injuries. The judge's findings focused on the allegations of harassment and assault.

A person is guilty of harassment where, "with purpose to harass another," he or she:

> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>
> b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
>
> c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.
>
> [N.J.S.A. 2C:33-4(a) to (c).]

Harassment requires that the defendant act with the purpose of harassing the victim. J.D. v. M.D.F., 207 N.J. 458, 486 (2011). A judge may use "[c]ommon sense and experience" when determining a defendant's intent. State v. Hoffman, 149 N.J. 564, 577 (1997). The judge found defendant guilty of harassment, by a preponderance of the evidence, under N.J.S.A. 2C:33-4(b). He found that the photographs – some of which the police took – showed plaintiff sustained a "series of injuries," and that it was "more likely than not" that defendant inflicted those injuries.

There are many different types of assault. Simple assault is committed when a person "[a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another." N.J.S.A. 2C:12-1(a)(1). Bodily injury means "physical pain, illness or any impairment of physical condition." N.J.S.A. 2C:11-1(a). Under N.J.S.A. 2C:12-1(b)(1), a person is guilty of aggravated assault if he or she "[a]ttempts to cause serious bodily injury to another, or causes such injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury." Serious bodily injury means "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." N.J.S.A. 2C:11-

1(b). Relying on the photographs and plaintiff's testimony, the judge found defendant guilty of "assault."[1]

Under the second <u>Silver</u> prong, a judge must also determine whether a restraining order is required to protect the plaintiff from future acts or threats of violence. 387 N.J. Super. at 127. The commission of one of the predicate acts of domestic violence set forth in N.J.S.A. 2C:25-19(a) does not, on its own, "automatically . . . warrant the issuance of a domestic violence [restraining] order." <u>Corrente v. Corrente</u>, 281 N.J. Super. 243, 248 (App. Div. 1995). Although that determination "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the

---

[1] Defendant later pled guilty to third-degree aggravated assault on a domestic violence victim – this plaintiff – N.J.S.A. 2C:12-1(b)(12). A person is guilty under this statute if he:

> Attempts to cause significant bodily injury or causes significant bodily injury purposely or knowingly or, under circumstances manifesting extreme indifference to the value of human life, recklessly causes significant bodily injury to a person who, with respect to the actor, meets the definition of a victim of domestic violence, as defined in subsection d. of section 3 of P.L.1991, c. 261 ([N.J.S.A.] 2C:25-19).

A judge sentenced defendant to probation, no contact with plaintiff, and ordered domestic violence counseling.

victim from an immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127.

Plaintiff testified that after defendant had attacked her, she started to cry, experienced a panic attack, and felt like he was going to kill her. She said that she was "very much" in fear of defendant. The essence of plaintiff's testimony was that she needed the FRO to protect herself. The judge found that plaintiff satisfied prong two of Silver, noting especially that plaintiff had reason to fear defendant.

We recognize that the judge struggled overall with whether plaintiff was credible. But he found plaintiff's testimony "more likely than not" – that is, that plaintiff's testimony was more likely to be credible than incredible. He reached that determination by recognizing the burden of proof was by a preponderance of the evidence, and by weighing the testimony from the witnesses, including a friend of the parties, and defendant's mother. We are not to second-guess those findings, especially here, where the findings are supported by substantial evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2511-17T4